UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF　　　　　　　　　　　　　　　　　NUMBER

**THOMAS PROSPERIE**　　　　　　　　　　　　　　　　**06-10900**
**LIZA PROSPERIE**　　　　　　　　　　　　　　　　　　**SECTION A**

DEBTORS

　　　　　　　　　　　　　　　　　　　　　　　　　　　　CHAPTER 13

## REASONS FOR DECISION

　　　This matter came before the Court on November 7, 2006 on the Trustee's Objection to Exemption. After hearing the arguments of counsel, the Court took the matter under advisement.

　　　This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. §157(b).

　　　Thomas and Liza Prosperie ("Debtors") seeks to exempt under Louisiana Revised Statute 13:3881(A)(4) seven or eight guns with an aggregate value of $3,050.00. The Trustee objects to the exemption of more than one gun.

　　　Louisiana has opted out of the exemptions set forth in Section 522(b) and provided for its own exemptions in Louisiana Revised Statute 13:3881.

　　　Louisiana Revised Statute 13:3881(A)(4) provides that "arms and military accoutrements" are exempt from seizure.

　　　Webster's II New College Dictionary defines "arm" as "[a] weapon, esp. a firearm." Because 13:3881 uses the plural form of "arm," more than one gun may be claimed as exempt. The adjective "military" comes after and does not modify "arms,"

so the arms claimed as exempt do not need to be related to military service or the type of weapon used by the military.

> When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.[1]

The Court finds La. R.S. 13:3881(A)(4) to be "clear and unambiguous," so no interpretation of legislative intent is necessary.[2] Accordingly, the Trustee's Objection to Exemption is overruled. An appropriate Order will be entered.

New Orleans, Louisiana, November 20, 2006.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

---

[1] LA C.C. Art. 9. Also see *In re Mmahat*, 110 B.R. 236, 240 (Bankr.E.D.La. 1990).

[2] The Court declines to follow *In re Brown*, 189 B.R. 653 (Bankr.M.D.La.1995), for this reason.

2